UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff/Petitioner,*<br><br>v.<br><br>DANIEL VALENTINO,<br><br>*Defendant/Respondent.* | Docket No.: 2:25-cv-135 |

APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION
FOR AN ORDER UNDER SECTION 21(e) OF THE EXCHANGE ACT AND
ENFORCING COMPLIANCE WITH COMMISSION ORDER

The Plaintiff/Petitioner, Securities and Exchange Commission (the "Commission"), applies to the Court for an order pursuant to Section 21(e) of the Securities Exchange Act of 1934 ("Exchange Act") to enforce compliance by Defendant/Respondent Daniel Valentino ("Valentino" or "Respondent") with a final Commission Order entered against him on March 3, 2023. This Order, entered with Respondent's consent, required Respondent to pay civil penalties of $123,000 to the Commission for transfer to the general fund of the United States Treasury, subject to Exchange Act Section 21F(g)(3), and interest on unpaid amounts pursuant to 31 U.S.C. § 3717 and injunctive relief.

In support of its Application, the Commission states as follows:

**INTRODUCTION**

1. The Commission seeks by this Application to enforce an order of the Commission which found that Respondents had violated Sections 15(b) and 21C of the Exchange Act.

2. Respondent has failed to comply with the Commission order requiring him to pay civil penalties of $123,000, and as of this filing owes $110,000 and interest, to the Commission

for transfer to the general fund of the United States Treasury, subject to Exchange Act Section 21F(g)(3), and interest accrued on unpaid amounts pursuant to 31 U.S.C. § 3717.

## PARTIES

3. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4. Daniel Valentino, age 54, is a resident of Edgewater, New Jersey.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under Sections 21(e)(1) and 27(a) of the Exchange Act.

6. Venue lies in the District of New Jersey under Section 27(a) of the Exchange Act. Respondent is "found" or is an "inhabitant" of this District.

## STATEMENT OF RELEVANT FACTS

7. This matter arises out of Respondent's effort to solicit investors on behalf of Silver Edge Financial LLC ("Silver Edge"), an entity not registered with the Commission that operates two pooled investment vehicles—the Silver Edge Pre-IPO Fund, LLC and the Silver Edge Venture Fund, LLC (the "Silver Edge Funds"). The Silver Edge Funds are series LLCs formed to invest in securities of private companies that Silver Edge identified as good candidates for an initial public offering ("IPO") or other liquidity event within a 2-5 year time horizon. Since January 2019, Respondent marketed and sold securities in the form of series interests in the Silver Edge Funds nationwide and was compensated based on his success in recruiting investors. In so doing, Respondent operated as an unregistered broker.

8. On March 3, 2023, the Commission, with Respondent's consent, issued an Order making findings and imposing remedial sanctions and injunctive relief against Respondent finding he had violated Sections 15(b) and 21C of the Exchange Act, requiring him to pay civil penalties

of $123,000 to the Securities and Exchange Commission or transfer to the general fund of the United States Treasury, subject to Exchange Act Section 21F(g)(3), and with interest accruing on delinquent amounts pursuant to 31 U.S.C. § 3717.

9. As of this filing, Respondent has not fully satisfied his payment obligations under the Order and owes $110,000 plus interest pursuant to 31 U.S.C. § 3717.

10. The Commission further ordered Respondent cease and desist from committing or causing any violations and any future violations Section 15(a) of the Exchange Act.

11. The Commission also ordered the Respondent: barred from association with any broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization with the right to apply for reentry after two (2) years to the appropriate self-regulatory organization, or if there is none, to the Commission; and barred from participating in any offering of a penny stock, including: acting as a promoter, finder, consultant, agent or other person who engages in activities with a broker, dealer or issuer for purposes of the issuance or trading in any penny stock, or inducing or attempting to induce the purchase or sale of any penny stock with the right to apply for reentry after two (2) years to the appropriate self-regulatory organization, or if there is none, to the Commission.

12. Respondent did not seek review of the Order, and his time to do so has expired.

## ARGUMENT

13. The Commission brings this proceeding under Section 21(e) of the Exchange Act. These provisions authorize the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in the district courts.

14. Proceedings under these provisions are summary in nature. *SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th

Cir. 2003). In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

15. These proceedings are commenced by service of an order to show cause and the application, rather than by service of a summons and a complaint. *SEC v. Taber*, 2013 WL 6334375 at *1 (S.D.N.Y., Dec. 4, 2013); *SEC v. Stoecklein*, 2015 WL 6455602 at *1 (S.D. Cal. Oct. 26, 2015); *SEC v. Markowski*, 2007 WL 2566247 at *1 (M.D. Fla. Aug. 31, 2007).

16. In such proceedings, the Respondent may not challenge the validity of the order the Commission seeks to enforce. *SEC v. Gerasimowicz*, 9 F. Supp.2d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a § 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *McCarthy* at 658.

17. This proceeding, therefore, is properly commenced by service of the moving papers and an order to show cause.

WHEREFORE, the Commission respectfully requests:

I.

That the Court enter an Order to Show Cause directing Respondent to show cause why this Court should not enter an Order enforcing their compliance with the Commission Order.

II.

That the Court thereafter enter an Order enforcing the Commission Order and requiring:

  a. Respondent to pay the remaining civil penalty balance of $110,000 to the Commission for transfer to the general fund of the United States Treasury, subject to Exchange Act Section 21F(g)(3), and interest on delinquent amounts pursuant to 31 U.S.C. § 3717; and

  b. Compliance with the Injunctive Relief set forth in the Order.

III.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

VI.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the order entered herein.

V.

That the Court order such other and further relief as may be just and proper.

Dated:  January 7, 2025

                      Respectfully submitted,

                      s/MICHAEL J. ROESSNER
                      MICHAEL J. ROESSNER
                      Assistant Chief Litigation Counsel
                      Division of Enforcement
                      United States Securities and Exchange Commission
                      100 F Street, NE
                      Mail Stop 5631
                      Washington, DC 20549-0022
                      RoessnerM@SEC.gov
                      Telephone:   202.551.4347
                      Facsimile:    703.813.9366
                      Attorney for Plaintiff/Judgment Creditor
                      United States Securities and Exchange Commission